**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

                                                  **Case No. 4:88cr4017-WS**
**vs.**                                           **Case No. 4:05cv159-WS/WCS**

**DARYL LAMAR GILYARD,**

    **Defendant.**

    _____/


## REPORT AND RECOMMENDATION ON § 2255 MOTION

This cause is before the court on Defendant's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Doc. 136.

The file is in archives. According to the original paper docket (a copy of which was scanned into the electronic record as doc. 128), Defendant was convicted by a jury and sentenced to a term of 360 months imprisonment. The judgment was affirmed in 1988.

Defendant filed a motion for correction of illegal sentence, which the court treated as a 28 U.S.C. § 2255 motion and denied with prejudice. *See* doc. 132 (discussing this prior history). When a § 2255 motion was subsequently filed, therefore, it was deemed

a successive motion and summarily dismissed.  Docs. 132, 133 and 134 (report and recommendation, order, and judgment entered on October 24, 2001).  It was found that:

> [A]lthough the [initial] motion was not submitted on § 2255 forms and a separate civil number was never assigned to the § 2255 pleading, this court and the court of appeals considered the motion as filed pursuant to § 2255.  The motion was denied as such and a certificate of appealability was denied.  The motion now before the court is therefore a second or successive motion, which cannot be filed absent authorization from the court of appeals.  § 2255, incorporating 28 U.S.C. § 2244.

Doc. 132, p. 2.

While seemingly correct at the time, this was in error.  If a motion by another name is recharacterized by the court as a first § 2255 motion, without warning to the prisoner of the consequences, then the recharacterized filing does not render a subsequent § 2255 pleading second or successive.  Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (reversing the Eleventh Circuit).

It therefore appears that the motion now before the court is *not* a second or successive motion for which authorization is required.

However, there is a one year time limit for filing a § 2255 motion, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.  See also § 2255 Rule 3(d) (as amended effective December 1, 2004) ("[t]he time for filing a motion is governed by 28 U.S.C. § 2255, para. 6.").

Since Defendant's sentence was final before the effective date of the amendment, he had a one year grace period in which to timely file a § 2255 motion. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).  Even with the grace period, however, if the one year commenced from the date specified in subparagraph (1), the § 2255 motion is clearly untimely.

The other commencement date arguably applicable here is subparagraph (3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Defendant seeks relief pursuant to United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and in Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, __ L.Ed.2d __ (2005).  See also, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Booker was pending on direct review, and there is no indication in the opinion that it should apply retroactively.  The Court said "we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on *direct* review."  125 S.Ct. at 769 (emphasis added, citations omitted).  See also In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting that the Supreme Court has not made Booker retroactive on collateral review).

Though Defendant argues in favor of retroactive application,[1] binding precedent in this circuit holds that Booker and Blakely do not apply retroactively on collateral review.  Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); *also citing* McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (which held that Apprendi did not apply retroactively on collateral review).  As it does not apply retroactively, the one year period does not commence anew under subparagraph (3).

As the motion is untimely, it is recommended that it be summarily dismissed without prejudice, such that a possible future § 2255 motion (if an event occurs commencing a new starting date under § 2255) will not be considered second or successive.

---

[1] Defendant cites Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) and Bunkley v. Florida, 538 U.S. 835, 123 S.Ct. 2020, 155 L.Ed.2d 1046 (2003). Doc. 136, attached memorandum, pp. 3-6.  In the former, "[b]ecause Pennsylvania law – as interpreted by the later State Supreme Court decision – made clear that Fiore's conduct did not violate an element of the statute, his conviction did not satisfy the strictures of the Due Process Clause.  Consequently, 'retroactivity [was] not at issue.'" Bunkley, 538 U.S. at 840, 123 S.Ct. at 2023 (quoting and following Fiore).  *See also* Bousley v. United States, 523 U.S. 614, 619-621, 118 S.Ct. 1604, 1609-11, 140 L.Ed.2d 828 (1998) (decision that federal statute does not apply to certain conduct should apply retroactively, but was still subject to procedural bar).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. 136) be **SUMMARILY DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**